Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSHUA SIGFREDO GUZMÁN ACEVEDO<br><br>Recurrido<br><br>v.<br><br>BRYAN WALDEMAR CRESPO NIEVES<br><br>Peticionario | TA2026CE00010 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Sebastián<br><br>Sobre: Ley Núm. 284-1999, Ley contra el Acecho en Puerto Rico<br><br>Caso Núm. SS2025MU00028 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de marzo de 2026.

Comparece ante nos el peticionario, Bryan Waldemar Crespo Nieves (en adelante, peticionario o Crespo Nieves), para que dejemos sin efecto la determinación emitida y notificada por el Tribunal de Primera Instancia, Sala de San Sebastián, el 1 de diciembre de 2025. Mediante esta, el Foro Primario emitió una orden de protección a la luz de lo estatuido en la *Ley contra el Acecho en Puerto Rico*, Ley 284-1999, 33 LPRA sec. 4013, *et seq.,* a favor del recurrido, Joshua Sigfrido Guzmán Acevedo (en adelante, recurrido o Guzmán Acevedo).

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del recurso de *Certiorari.*

### I

El 19 de septiembre de 2025 el recurrido presentó una *Petición de Orden de Protección* al amparo de Ley Núm. 284, *supra.*[1] En la

---

[1] Apéndice del recurso, Entrada Núm. 1.

misma, alegó que el peticionario realizó varias rondas por su lugar de trabajo, y que lo había visto tomándole fotos y videos. Adujo que se sentía hostigado por el peticionario, así como que temía por su seguridad, ya que era la cuarta vez que este intentaba acercársele.

Tras acontecidos los procedimientos de rigor, el 1 de diciembre de 2025, se celebró la vista evidenciaria, en la que declararon las partes de epígrafe, y el señor Víctor Arocho Ramos. Evaluada la prueba, ese mismo día, el Tribunal de Primera Instancia expidió la *Orden de Protección* a favor del recurrido, con vigencia inmediata hasta el 1 de junio de 2026.[2]

De la referida orden, surge que se estableció que el peticionario, utilizó su celular para tomar fotos y videos del señor Guzmán Acevedo en los distintos lugares en los que este acudía para vender piraguas. Asimismo, el Foro Primario concluyó que se probó que, en una ocasión, desde el interior de un vehículo, el señor Crespo Nieves le hizo un gesto al recurrido, deslizando su dedo por el cuello de un extremo al otro, acto que el señor Guzmán Acevedo interpretó como una amenaza. Igualmente, el Foro de Instancia determinó que se demostró otro incidente en el cual, mientras el recurrido conducía su vehículo, el peticionario invadió su carril desde la vía contraria, obligando al señor Guzmán Acevedo a desviarse hacia la orilla de la carretera para evitar una colisión. De este modo, el Foro *a quo* creyó que el recurrido temía por su seguridad, así como que se sentía intimidado y amenazado por la conducta del peticionario.

Inconforme, el 7 de enero de 2026, el peticionario presentó el recurso de *Certiorari* ante nos. En el mismo, señaló la comisión de los siguientes errores:

Erró el Tribunal de Primera Instancia al expedir una orden de protección al amparo de la Ley 284 por insuficiencia de prueba, al fundamentar su

---

[2] *Íd.*, Entrada Núm. 12.

determinación en alegaciones de hechos que no fueron incluidos ni debidamente desarrollados en la petición original, y al considerar eventos posteriores a la presentación de la misma, en violación al debido proceso de ley del peticionado.

Erró el Tribunal de Primera Instancia al aquilatar de forma irrazonable y arbitraria la prueba testifical presentada, al descartar evidencia de descargo creíble y corroborada que explicaba una presencia legítima del peticionado en el lugar de los hechos, y al sostener su determinación mediante inferencias especulativas no sostenidas por el récord.

Erró el Tribunal de Primera Instancia al concluir que se configuró un patrón de conducta constitutivo de acecho, cuando la prueba presentada acreditó, a lo sumo, un evento aislado, y cuando dicha conclusión surge de un análisis que incorpora consideraciones ajenas a los hechos alegados en la petición, en contravención a la Ley 284 y a los principios que rigen la discreción judicial.

Por su parte, el 4 de marzo de 2026, el recurrido presentó su alegato en oposición a la expedición del recurso de *Certiorari*.

Luego de examinar el expediente de autos y contando con el beneficio de la transcripción de los procedimientos, procedemos a disponer del asunto que nos ocupa.

**II**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcosa Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de, entre otros asuntos, las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el foro de instancia. Regla 32 (B) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 49, 216 DPR __ (2025). Distinto al ejercicio de sus funciones respecto a un recurso de

apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso *de certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 63, 216 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al

funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

En el caso ante nos, el peticionario alegó el Tribunal de Primera Instancia incidió al fundamentar su determinación en hechos que no se incluyeron en la petición original, y que ocurrieron con posterioridad a su presentación. Igualmente, sostuvo que el Foro Primario erró en su apreciación de la prueba presentada, así como al concluir que existía un patrón de conducta constitutiva de acecho.

Al entender sobre el expediente que nos ocupa, resolvemos que no concurre criterio alguno que amerite que impongamos nuestras facultades sobre lo resuelto por el Tribunal de Primera Instancia. Nada en los documentos que constan en el recurso ante nuestra consideración, ni en la transcripción de los procedimientos de la vista celebrada el 1 de diciembre de 2025, sugiere que, en el ejercicio de sus funciones adjudicativas, el Foro de Instancia haya incurrido en error o en abuso de discreción, ello a fin de suprimir la norma de abstención judicial que, en dictámenes como el de autos, regula nuestras funciones. Siendo de este modo, no podemos sino abstenernos de intervenir con el asunto traído ante nos. Así, por no concurrir los criterios establecidos en la Regla 40 del Reglamento

del Tribunal de Apelaciones, *supra,* denegamos expedir el auto presentado.

**IV**

Por los fundamentos antes esbozados, *denegamos* expedir el recurso de *Certiorari.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones